IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HASSAN A. SMARTT,

    Plaintiff,                       No. 2:10-cv-1933 KJN P

    vs.

MATTHEW CATE, et al.,           ORDER AND

    Defendants.               FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner and is proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make

1

1  monthly payments of twenty percent of the preceding month's income credited to plaintiff's
2  prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of
3  the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid
4  in full.  28 U.S.C. § 1915(b)(2).

5         The court is required to screen complaints brought by prisoners seeking relief
6  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
7  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
9  granted, or that seek monetary relief from a defendant who is immune from such relief.
10  28 U.S.C. § 1915A(b)(1),(2).

11         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
17  Cir. 1989); Franklin, 745 F.2d at 1227.

18         Where the running of the statute of limitations is apparent on the face of the
19  complaint, dismissal for failure to state a claim is proper.  See Cervantes v. City of San Diego, 5
20  F.3d 1273, 1276 (9th Cir. 1993).  California law determines the applicable statute of limitations
21  in this § 1983 action.  See Wilson v. Garcia, 471 U.S. 261 (1985).  Until December 31, 2002, the
22  applicable state limitations period was one year.  See Jones v. Blanas, 393 F.3d 918, 927 (9th
23  Cir. 2004) (citing Cal. Civ. Proc. Code § 340(3) (West Supp.2002); see also Maldonado v.
24  ////
25  ////
26  ////

Harris, 370 F.3d 945, 954-55 (9th Cir. 2004).[1] Effective January 1, 2003, the applicable California statute of limitations was extended to two years. See Jones, 393 F.3d at 927 (citing Cal. Civ. Proc. Code § 335.1). California law also tolls for two years the limitations period for inmates "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." Cal. Civ. Proc. Code § 352.1.[2]

Moreover, the statute of limitations for a federal civil rights claim is tolled while a prisoner completes the administrative grievance process deemed mandatory by the Prison Litigation Reform Act, 42 U.S.C. § 1997e (a). Porter v. Nussle, 534 U.S. 516, 524 (2002); Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005).

By this action, plaintiff claims that his rights under the Eighth Amendment were violated by defendants' deliberate indifference to his serious medical needs, specifically, timely provision of medically necessary treatment for a nose injury. On April 26, 2003,[3] plaintiff fell and injured his nose. (Compl. at 6.) Plaintiff alleges that defendant Rohlfing denied him an x-ray, and defendants Rohlfing, James, Patton, Mangis, Dial, Dickinson and Wilkerson, all members of the MAR committee, denied his request to be seen by an ear, nose and throat specialist. While not entirely clear, it appears plaintiff sought additional medical treatment from April 26, 2003 through August 21, 2003, during which time he also sought referrals to a specialist through the MAR committee.

In the instant complaint, plaintiff failed to provide dates for the exhaustion of

---

[1] Federal law governs when plaintiff's § 1983 claims accrued and when the limitations period begins to run. Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998). Under federal law, "the claim generally accrues when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" Id. (citations omitted).

[2] "The California courts have read out of the statute the qualification that the period of incarceration must be 'for a term less than for life' in order for a prisoner to qualify for tolling." Jones, 393 F.3d at 927 n.5 (citations omitted).

[3] See July 18, 2007 complaint filed in Case No. 2:07-cv-1428 FCD EFB P. A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

3

1  administrative remedies.  However, in Case No. 07-cv-1428 FCD EFB P, plaintiff states the
2  second level appeal was partially granted on December 8, 2003.  December 8, 2003 is the last
3  date provided in connection with the exhaustion of administrative remedies.

4  Presuming the date plaintiff's claim accrued was August 21, 2003, the date
5  plaintiff's last request was made, and the statute of limitations was tolled until December 8, 2003
6  during the exhaustion of administrative remedies, plaintiff had until December 9, 2007 to file a
7  civil rights action arising from those events, in accordance with the provisions of California Civil
8  Procedure Code §§ 340(3) and 352.1.  However, the instant complaint was not filed until July 21,
9  2010, over two years and seven months too late.  Accordingly, plaintiff's complaint is time-
10 barred unless subject to equitable tolling.

11 Generally, federal courts also apply the forum state's law regarding equitable
12 tolling.  Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999).  Under California law, however, a
13 plaintiff must meet three conditions to equitably toll a statute of limitations:  (1) he must have
14 diligently pursued his claim; (2) his situation must be the product of forces beyond his control;
15 and (3) the defendants must not be prejudiced by the application of equitable tolling.  See Hull v.
16 Central Pathology Serv. Med. Clinic, 28 Cal.App.4th 1328, 1335, 34 Cal.Rptr.2d 175
17 (Cal.Ct.App. 1994); Addison v. State of California, 21 Cal.3d 313, 316-17, 146 Cal.Rptr. 224
18 (Cal. 1978).

19 Here, however, plaintiff has failed to plead any facts which, if proved, would
20 support the equitable tolling of his claims.  See Cervantes, 5 F.3d at 1277.  Indeed, this is not the
21 first civil rights action plaintiff brought in an effort to press the instant allegations.  On July 18,
22 2007, plaintiff filed a civil rights complaint against Dr. Rohlfing and the MAR Committee
23 raising the same Eighth Amendment claims concerning plaintiff's April 26, 2003 nose injury.[4]

---

[4] It also appears plaintiff attempted to pursue these claims in state court.  (Compl. at 1.) Plaintiff states he filed a lawsuit against defendants Rohlfing and the MAR Committee in Lassen County Superior Court on June 16, 2005.  (Id.)  However, on May 19, 2006, that case was

1  (Case No. 07-cv-1428 FCD EFB P.)  Plaintiff's amended complaint was dismissed with leave to
2  amend, but the action was ultimately dismissed on August 19, 2009, based on plaintiff's failure
3  to file a second amended complaint despite being granted two extensions of time in which to
4  amend.  (Id.)  In light of this 2007 filing, it is unlikely plaintiff can demonstrate equitable tolling
5  applies.  Thus, plaintiff's entire action must be dismissed as barred by the statute of limitations.

6  In accordance with the above, IT IS HEREBY ORDERED that:

7  1. Plaintiff's application to proceed in forma pauperis is granted; and

8  2. The Clerk of the Court is directed to assign a district judge to this case.

9  IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed as
10 barred by the applicable statute of limitations and for failing to state a claim upon which relief
11 can be granted.  See 28 U.S.C. § 1915A(b).

12 These findings and recommendations are submitted to the United States District
13 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
14 one days after being served with these findings and recommendations, plaintiff may file written
15 objections with the court and serve a copy on all parties.  Such a document should be captioned
16 "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that
17 failure to file objections within the specified time may waive the right to appeal the District
18 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19 DATED: August 25, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

smart1933.56

---

"dismissed under delay reduction rules and CCP 583.410."  (Compl. at 1.)

5